IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 5:25-CR-37-MTT |
| | : |
| JAMES KEVIN MEYERS, | : |
| | : |
| Defendant. | : |
| | : |

### PLEA AGREEMENT

The United States Attorney for the Middle District of Georgia ("United States") and Defendant James Kevin Meyers enter into this plea agreement, agreeing as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his/her understanding of the United States' evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by a jury. Defendant understands that at a jury trial Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' witnesses, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf,



but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

(3)

Being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, Defendant agrees pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), as follows:

(A)     Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Five of the Indictment which charges Defendant with Causing the Filing of False Currency Transaction Reports in violation of Title 31, United States Code, Sections 5313(a), 5324(a)(2), and 5324(d)(2); and Title 18, United States Code, Section 2.

(B)     Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to the following penalties on Count Five:

- a maximum sentence of ten (10) years;
- a maximum fine of $500,000.00, or both; and
- a term of supervised release of three (3) years.

Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)     Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the United States, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea on the ground that Defendant received an estimated guideline range from the United States, Defendant's attorney, or the



Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigation Report or different from the guideline range found by the Court to be the correct guideline range.

(D)  Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigation Report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the Presentence Investigation Report and to object to and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the facts or recommendations presented in the Presentence Investigation Report or any disagreement with the Court's rulings on such objections or challenges will not be grounds for withdrawing the plea of guilty. Nothing in this agreement precludes the United States from providing full and accurate information to the Court and the Probation Office for use in calculating the advisory guideline range applicable to Defendant.

(E)  Defendant understands and has discussed with Defendant's attorney that after the Court determines the advisory guideline range applicable to Defendant, the Court has the discretion and authority to impose a sentence that is more severe or less severe than the sentence recommended by the guidelines.

(F)  Although 18 U.S.C. § 3742 authorizes defendants to appeal their sentences under certain circumstances, Defendant knowingly and voluntarily waives any right to appeal Defendant's sentence, including the amount of any restitution imposed as part of Defendant's sentence. Defendant's sentence appeal waiver does not apply if: (1) the Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the Court at the time



of sentencing; (2) the Court imposes a sentence that exceeds the statutory maximum; or (3) the United States appeals Defendant's sentence under the authority of 18 U.S.C. § 3742(b). Nothing in this agreement shall deprive the United States of its right to appeal Defendant's sentence, as authorized by 18 U.S.C. § 3742(b). If, however, the United States appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under 28 U.S.C. § 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by 28 U.S.C. § 2241.

Defendant understands and acknowledges that the waivers outlined herein may result in the dismissal of any appeal or collateral attack Defendant might file challenging Defendant's conviction or sentence. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the United States, be remanded to the Court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

(G)   Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules by entering into this plea agreement. If, after entering into this plea agreement, Defendant fails to plead guilty, or the plea of guilty is later withdrawn, Defendant's statements in connection with this plea, including the stipulation of fact set forth below in paragraph (8), and any leads derived therefrom, shall be admissible for any and all purposes.



(H)     Defendant further agrees that all evidence, except biological evidence as defined in 18 U.S.C. § 3600A, if any, obtained in this investigation and prosecution may be destroyed or returned to its rightful owner 30 days after entry of the judgment or thereafter.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States agrees as follows:

(A)     The United States will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought against Defendant solely in this district. The United States agrees to dismiss all remaining counts of the pending Indictment in exchange for Defendant's plea of guilty to Count Five of the Indictment.

(B)     Pursuant to U.S.S.G. § 1B1.8, the United States agrees that any self-incriminating information which was previously unknown to the United States and is provided to the United States by Defendant in connection with Defendant's cooperation and as a result of Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the United States agrees not to bring additional charges against Defendant, with the exception of charges resulting from or related to a violent felony, as defined in 18 U.S.C. § 924(e)(2)(B), based on any information provided by Defendant in connection with Defendant's cooperation, which information was not known to the United States prior to said cooperation. This does not restrict the United States' use of information previously known or independently obtained for such purposes.



(C) The United States agrees that it will file a motion requesting that Defendant's offense level be reduced by one level under U.S.S.G. § 3E1.1(b) for timely notifying the United States of Defendant's intention to enter a guilty plea, but Defendant understands that whether Defendant is entitled to any offense-level reduction under U.S.S.G. § 3E1.1 is entirely within the Court's discretion. The United States reserves the right to furnish the Court with full and accurate information and/or argue against the two-level reduction for acceptance of responsibility if Defendant engages or has engaged in conduct inconsistent with accepting responsibility, as defined in U.S.S.G. § 3E1.1 and its commentary.

(5)

Nothing herein limits the sentencing discretion of the Court. The United States and Defendant understand and agree that the Court should consider its sentence in light of the advisory United States Sentencing Guidelines. Defendant therefore agrees that at sentencing the Court may determine any fact pertinent to Defendant's sentence by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to the sentence to be imposed by the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In particular, Defendant acknowledges and agrees that no one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range in order to induce this plea. In addition, Defendant states that no person has, directly or indirectly,



threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Georgia, and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority, unless expressly stated herein.

(7)

As an aid to this Court, the United States and Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. § 6B1.4(d) (Policy Statement), this Court may accept this stipulation as written. The facts set forth below are intended to allow the Court to satisfy it obligation under Federal Rule of Criminal Procedure 11(b)(3) to ensure that an adequate factual basis to support the plea exists. In determining an appropriate guideline range or ultimate sentence, the Court, in its discretion, and consistent with its obligation to determine the facts relevant to sentencing, may consider other information in addition to the facts set forth here.

Subject to the above paragraph, the United States and Defendant stipulate and agree that Defendant is in fact guilty of the offense to which Defendant is pleading guilty, that the following facts are true and correct, and that the United States at trial could prove the following facts beyond a reasonable doubt:

Defendant managed Bolingbroke Enterprises d/b/a Mr. Kevin's Check Cashing (herein after "Kevin's Check Cashing"), a money services business that cashed checks, located in Macon, Georgia. Kevin's Check Cashing was a domestic financial institution. Domestic financial



institutions, such as Kevin's Check Cashing, are required to comply with the Bank Secrecy Act regulations and reporting requirements. Among these regulations and requirements is the filing of currency transaction reports (CTRs). CTRs are required to be filed for currency transactions involving more than $10,000.00. These CTRs must identify the date, transaction amount, the person or entity on whose behalf the transaction took place, and the individual who was physically present at the institution to conduct the transaction. Defendant was aware of the CTR filing requirements and the necessity that the information reported be accurate.

Ronnie Atkinson took out numerous loans with Morris Bank, both in his name and in the name of straw borrowers. Many of these loans were alleged to be for the purchase of equipment and items from various individuals. Morris Bank would issue a loan cashier's check to the listed seller for these loans. Ronnie Atkinson brought several of these Morris Bank loan and cashier's checks to Kevin's Check Cashing to be cashed. On several occasions, the listed payee on the check, all of which were in an amount in excess of $10,000.00, was not present and Ronnie Atkinson alone was obtaining the cash from the check. According to the regulations promulgated regarding the proper reporting of Currency Transactions, the CTR should have listed the person who presented the check and left with the cash.

Therefore, in each instance outlined below, the CTR should have listed Atkinson as opposed to those individuals who are identified by initial below. These individuals identified by initial were the listed payees of the check, but none were present when Atkinson cashed the check. Defendant either personally cashed these checks or caused his employees to cash the checks. Defendant further caused his employees to file CTRs in the name of the person to whom the check was made out to and not to file the CTR under Atkinson's name, even though Atkinson was the

person actually cashing the check and who should have been reported on the CTR. Below are checks that Defendant caused the CTR to be filed in the wrong name:

| Date | Amount of cash provided to Atkinson from the check | Name Defendant caused the CTR be filed under |
|---|---|---|
| December 30, 2020 | $166,788.00 | T.K. Jr. |
| January 29, 2022 | $117,409.00 | H.C. |
| March 22, 2022 | $93,338.00 | R.M. |
| June 10, 2022 | $126,743.00 | M.A. |
| June 25, 2022 | $280,013.00 | M.A. |

Defendant now admits and agrees that he knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations prescribed thereunder, caused a domestic financial institution to file a report required by Title 31, United States Code, Section 5313(a), specifically, a CTR on Treasury Department, FINCEN Form 104, that contained a material omission and misstatement of fact concerning the true identity of the parties involved in the financial transactions and the source of the funds involved. He further agrees that he did so as part of a pattern of illegal activity, involving more than $100,000.00 in a 12-month period.



(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 18th day of February, 2026

                      WILLIAM R. KEYES
                      UNITED STATES ATTORNEY

BY: _____
                      ELIZABETH S. HOWARD
                      ASSISTANT UNITED STATES ATTORNEY



I, James Kevin Meyers, have read this agreement and had this agreement read to me by my attorney, Charles Cox, I have discussed this agreement with my attorney and I fully understand it and agree to its terms. Defendant acknowledges that Defendant authorized and consented to the negotiations between the United States and the attorney for Defendant that led to this agreement.

_____
JAMES KEVIN MEYERS
DEFENDANT

I, Charles Cox, attorney for Defendant James Kevin Meyers, have explained the Indictment and the United States' evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
CHARLES COX
ATTORNEY FOR DEFENDANT